JUDGE PATTERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THE NEW YORK TIMES COMPANY and CHARLES SAVAGE,

                                 Plaintiffs,

                    **COMPLAINT**

             - against -

FEDERAL BUREAU OF INVESTIGATION,

                                 Defendant.

---------------------------------------------------------------X

      Plaintiffs The New York Times Company and Charles Savage (jointly, "NYT"), by their undersigned attorney, allege for their Complaint:

      1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to order the production of agency records and information improperly withheld by Defendant in response to two requests properly made by Plaintiffs.

      2.    The Federal Bureau of Investigation (the "FBI"), a component of the United States Department of Justice ("DOJ"), serves as a federal criminal investigative body and an internal intelligence agency. Under authority granted to it by the U.S. Attorney General in December 2008, the FBI conducts "assessments" to "proactively" collect information about individuals or organizations that may be involved in national security threats.

      3.    Through this action, NYT seeks to compel the FBI to release certain statistics concerning the use of these assessments, which the FBI has withheld in response to NYT's FOIA request ("Assessment Request").

#49860v2

                                                                    1

4. In addition, NYT seeks through this action certain documents pertaining to the use of firearms by FBI agents.

5. Each time an FBI agent discharges his or her firearms, an FBI Shooting Incident Review Team ("SIRT") team investigates. The FBI has created an internal study providing an overview of all shooting incident reports ("Overview Report").

6. Despite a timely request under FOIA by NYT ("SIRT Request"), the FBI has failed to release the Overview Report or provide a legal basis for withholding it. The FBI has also failed to release, or to provide a legal basis for withholding, individual SIRT reports, which NYT has sought through the same FOIA request. The request seeks the following sections from all individual SIRT reports filed since January 1, 1993: (1) synopsis/summary sections, (2) review panel Electronic Communications containing findings, and (3) concerns identified by the investigators.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

9. NYT has exhausted all administrative remedies in respect to the Assessment Request pursuant to 5 U.S.C. § 552(a)(4)(B), and is deemed to have exhausted all administrative remedies in respect to the SIRT Request pursuant to 5 U.S.C. § 552(a)(6)(C).

2

#49860v2

## PARTIES

10. The New York Times Company is the publisher of *The New York Times* ("The Times"). In 2009, the weekday circulation of *The New York Times* was more than 959,000 and Sunday circulation exceeded 1.4 million. The number of monthly unique visitors to NYTimes.com has exceeded 20 million. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, N.Y.

11. Plaintiff Charles Savage is a reporter for The Times.

12. Defendant FBI is an agency of the federal government that has possession and control of the records that NYT seeks. The FBI is a unit within DOJ that serves as both a federal criminal investigative service and a domestic intelligence agency. The FBI, which has fifty-six field offices in major U.S. cities and over 400 resident agencies in smaller cities, has investigative jurisdiction over violations of more than 200 categories of federal crime.

## FACTS

*The Assessment Request*

13. Under the rules laid out in the FBI's "Domestic Investigations and Operations Guide," the FBI is authorized to open an "assessment" to "proactively" collect information about individuals or organizations who may be involved in national security threats.

14. Agents may begin such an assessment without a particular factual justification. Assessments permit agents to use potentially intrusive techniques, such as sending confidential informants to infiltrate organizations and following and photographing targets in public. The FBI requires that its agents record details on every assessment in FBI computers.

#49860v2

15. In 2009, Mr. Savage submitted the Assessment Request seeking statistics on the use of assessments.

16. On December 23, 2009, the FBI denied Mr. Savage's request.

17. The FBI stated it was withholding the information on the grounds that the requested statistical information was exempt from disclosure pursuant FOIA Exemption 5, 5 U.S.C. § 552(b)(5) (relating to inter- and intra-agency memorandums and letters).

18. On December 30, 2009, NYT appealed the denial in a letter to the Director of the Office of Information Policy ("OIP"), a component of DOJ.

19. On July 8, 2010, OIP denied NYT's appeal. OIP said that the statistical information was not in final form and therefore could be "properly withheld" pursuant to 5 U.S.C. § 552(b)(5).

## The SIRT Request

20. On November 3, 2009, Charles Savage submitted the SIRT Request to the FBI seeking copies of all SIRT reports since January 1, 1999.

21. On November 4, 2009, the FBI acknowledged receipt of the SIRT Request and wrote to advise Mr. Savage that it would "be processed under the provisions of FOIA."

22. Four months later, on March 17, 2010, the FBI again wrote to advise Mr. Savage that it was still in the process of reviewing the SIRT Request.

23. On March 29, 2010, NYT filed an administrative appeal of the FBI's constructive denial of Mr. Savage's SIRT Request.  NYT noted that under 5 U.S.C. § 552(a)(6)(A)(i), an agency must respond to a FOIA request within twenty days, either by

4

producing documents or setting forth the exemptions that apply and justifying withholding, a deadline which had passed three months previously.

24. On May 4, 2010, OIP denied NYT's administrative appeal for lack of ripeness because an initial determination had not yet been made by the FBI's FOIA office.

25. In the interim, Mr. Savage negotiated with the FBI and agreed to modify the original SIRT Request in an attempt to expedite disclosure. Mr. Savage and the FBI agreed that the SIRT Request would be limited to the Overview Report and the following sections of individual SIRT reports: 1) the summary/synopsis sections, 2) review panel Electronic Communications containing findings, and 3) concerns identified by investigators.

26. The FBI also agreed to construe the SIRT Request to encompass documents dating back to January 1, 1993.

27. Despite various communications between NYT and the FBI, the FBI has not yet produced any documents in response to the SIRT Request.

## COUNT I

28. NYT repeats, realleges and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

29. The FBI is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

30. Exemption 5 of FOIA applies only to non-final advice given within an agency or between agencies and does not allow the withholding of factual information.

31. The FBI has no lawful basis under FOIA Exemption 5 or any other exemption for withholding records containing the assessment statistics requested in the Assessment Request.

32. The FBI's failure to provide this information violates FOIA.

33. NYT is entitled to an order compelling the FBI to produce this information.

## COUNT II

34. NYT repeats, realleges and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

35. The FBI is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

36. Under 5 U.S.C. § 552(a)(6)(A), the FBI was required to provide documents or issue a denial within 20 business days of receiving the SIRT Request.

37. Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

38. Accordingly, NYT is deemed to have exhausted its administrative remedies as to the SIRT Request.

39. The FBI has asserted no lawful basis under FOIA for withholding documents requested by the SIRT Request.

#49860v2

40. The FBI's failure to provide this information violates FOIA.

41. NYT is entitled to an order compelling the FBI to produce this information.

**REQUEST FOR RELIEF**

WHEREFORE, NYT respectfully requests that this Court:

a. Declare that the documents sought by the Assessment Request and the SIRT Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

b. Order the FBI to provide those records to NYT within 20 business days of the Court's order;

c. Award NYT the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

d. Grant NYT such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 18, 2010

_____
David E. McCraw
Legal Department
The New York Times Company
620 8th Avenue - 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccraw@nytimes.com
*Counsel for Plaintiffs*

#49860v2

7